Appeals to certify. Overruled. Dock. 12-11-25; 3 Abs. 762.

19487—Joe Killianny v. State of Ohio. Motion for Guernsey Appeals to certify. Overruled. Dock. 12-15-25; 4 Abs. 10.

19488—Joe Killianny v. State of Ohio. Motion for Guernsey Appeals to certify its record. Overruled. Dock. 12-15-25; 4 Abs. 10.

19489—Joe Killianny v. State of Ohio. Motion for Guernsey Appeals to certify. Overruled. Dock. 12-15-25; 4 Abs. 10.

19548—Carniola Realty Co. v. Anton Kausek et al. Motion for temporary injunction. Allowed. Dock. 1-9-26; 4 Abs. 40.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABI

### No. 96

No. 19203—The Hampshire County Trust Company of North Hampton Mass., as trustee and executor of George W. Cable, deceased, et al. v. Matilda May Stevenson, a minor, etc. et al. Error to the Court of Appeals of Champaign county.

889. PARTITION—1. In partition proceeding where infant remainderman is not made party, his share of estate remains undivided and undivested, unless upon reaching majority he ratifies such proceeding.

2. Such ratification cannot be partial, affirming only so far as is beneficial and rejecting such as otherwise.

DAY, J.

1. When in a partition proceeding a remainderman, who is an infant, is not made a party, the share of the estate of such person will remain undivided and undivested, if there is a sale or order in partition, unless by some subsequent act or conduct of such remainderman, upon reaching majority, such partition proceeding has been ratified.

2. Where there has been a defective partition proceeding, which one has the right to disaffirm, such party may not ratify in part by selling and mortgaging portions of land so aparted and then repudiate as to the balance of the partition so made. A ratification cannot be partial, affirming only so far as such partition may be beneficial and rejecting in such respects as are not advantageous.

3. A partition having been effected by a coparcener in fee of an interest in land against the life tenant of a moiety which supports a remainder therein, and the remainderman is an infant not made a party to such action, if not appearing that the partition therein made was unjust, unfair or fraudulent, the remainderman upo nbecoming of age accepts the benefit of such partition by joining in a warranty deed with the life tenant for a part of the land so aparted and also by mortgaging her interest in other portions of the land so aparted charged with the knowledge of the defect in such partition proceeding, as disclosed by the record, and she allows and permits, without protest, the coparcener in reliance upon such course of conduct to convey and encumber certain of the lands so set apart to such coparcener in such defective partition proceeding, the remainderman will not thereafter be permitted in equity to assume a position or assert a title inconsistent with such course of conduct with reference to the remaining land, so set apart to the coparcener, and she will be held to have ratified such defective partition proceeding.

Judgment affirmed.

Jones, Matthias, Allen and Kinkade, JJ., concur.

# Weekly Abstract of PENDING CASES

### No. 97

TELL STOP APPLIANCE CO v. TELL STOP SIGNAL CO.

No. 19464. Supreme Court

On motion to certify. Dock. Dec. 9, 1925; 3 Abs. 763.

313. CORPORATIONS—Where the articles of incorporation of an Ohio corporation have been in fact duly cancelled under 5509 GC., and no reinstatement under 5511 GC. has ever been attempted or claimed, can it thereafter bring and maintain an action in any Ohio court in its alleged corporate capacity and name, and in violation of 5510 GC., which provides a penalty for such acts?

It is admitted that on July 20, 1921, the Signal Co. was incorporated in Ohio and in November 1921, while said Company was a de jure corporation the Appliance Co. became indebted to the Signal Co. On March 1, 1923, the articles of incorporation of the Signal Co. were cancelled by the Secretary of State under 5509 GC., for failure to report and pay its franchise tax, by virtue of which cancellation, all "powers, privileges and franchises ceased and determined."

On August 21, 1923, after said cancellation and without reinstatement, the Signal Co. filed suit in the Cleveland Municipal Court alleging that it was a duly organized and existing corporation under the laws of Ohio, and that a balance on an account was due and unpaid. The Appliance Co. in its answer denied the corporate existence of the Signal Co. and further alleged that it was ready, willing and able and had offered to and would deliver said goods and account to the proper party.

The Municipal Court dismissed the action on defendant's motion on the ground of lack of corporate capacity to sue, which judgment was reversed by the Cuyahoga Court of Appeals and ordered, that a special mandate be sent to said Municipal Court to carry the judgment in to execution.

The Appliance Company, on motion to certify, claims:

1. That the Signal Company did not have capacity to sue.

2. That the admission of depositions, filed after the commencement of the trial, pursuant to a continuance by the court to enable depositions to be taken, was not error.

3. That the transcript and original papers were not filed in the Court of Appeals within the statutory period and therefore, it did not have jurisdiction.

4. The Court of Appeals did not have the right to remand this case because it thereby expressly authorized the Signal Company to do a thing forbidden by 5509 GC.